UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN J. GALLI,<br><br>                Plaintiff,<br><br>      - against -<br><br>PRICEWATERHOUSECOOPERS LLP<br>NOTICE/SEVERANCE POLICY As Amended and<br>Restated Effective February 1, 2011;<br>PRICEWATERHOUSECOOPERS LLP;<br>THOMAS KOVELL;<br>COURTNEY MOORE,<br><br>                Defendants. | 1:19-cv-07224-LGS<br><br>**ANSWER** |

PricewaterhouseCoopers LLP ("PwC"), the PricewaterhouseCoopers LLP Notice/Severance Policy (the "Plan"), Thomas Kovell and Courtney Moore (collectively, "Defendants"), by their attorneys, Winston & Strawn LLP, answer the Complaint as follows:

## As to Nature of the Action

1. Deny the allegations in paragraph 1, except admit that plaintiff Susan Galli ("Plaintiff") purports to seek relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").

## As to the Parties

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 2, admit that Plaintiff was employed by PwC from August 4, 2014, until April 7, 2017, and state that the remaining allegations are conclusions of law to which no response is required.

3.      Deny the allegations in paragraph 3, and state that PwC is a limited liability partnership organized under the laws of Delaware and that PwC's executive offices are located at 300 Madison Avenue, New York, New York.

4.      State that the allegations in paragraph 4 are conclusions of law as to which no response is required.  To the extent a response is required, admit that the Plan is an ERISA welfare benefit plan and was amended in 2011.

5.      Deny the allegations in paragraph 5.

6.      Deny the allegations in paragraph 6, except admit that PwC is the Plan Administrator.

7.      Deny the allegations in paragraph 7, except admit that Courtney Moore is an employee of PwC who as a designee of the Plan Administrator, after due investigation, notified Plaintiff in a letter dated April 11, 2018, that Plaintiff was properly provided with notice and severance pay under the Plan, and respectfully refer the Court to the letter for the full and complete content thereof.

8.      Deny the allegations in paragraph 8, except admit that Thomas Kovell is an employee of PwC who as a designee of the Plan Administrator, after due investigation, notified Plaintiff in a letter dated August 1, 2018, that the Plan Administrator denied her appeal, and respectfully refer the Court to the letter for the full and complete content thereof.

9.      Deny the allegations in paragraph 9, except admit that Thomas Kovell is an employee of PwC who as a designee of the Plan Administrator, after due investigation, notified Plaintiff in a letter dated August 1, 2018, that the Plan Administrator denied her appeal, and respectfully refer the Court to the letter for the full and complete content thereof.

## As to Jurisdiction and Venue

10.     State that the allegations in paragraph 10 are conclusions of law as to which no response is required.  To the extent that a response is required, admit that Plaintiff purports to invoke the jurisdiction of this Court under ERISA.

11.     Deny the allegations in paragraph 11, except admit that venue is proper within this judicial district, and state that PwC's executive offices are located at 300 Madison Avenue, New York, New York.

## As to PwC Notice/Severance Plan

12.     State that the allegations in paragraph 12 are conclusions of law as to which no response is required and respectfully refer the Court to the Plan for the full and complete content thereof.

13.     State that the allegations in paragraph 13 are conclusions of law as to which no response is required and respectfully refer the Court to the Plan for the full and complete content thereof.

14.     Deny the allegations in paragraph 14, and respectfully refer the Court to the Plan for the full and complete content thereof.

15.     Deny the allegations in paragraph 15, and respectfully refer the Court to the Plan for the full and complete content thereof.

16.     Deny the allegations in paragraph 16, and respectfully refer the Court to the Plan for the full and complete content thereof.

17.     Deny the allegations in paragraph 17, and respectfully refer the Court to the Plan for the full and complete content thereof.

18.     State that the allegations in paragraph 18 are conclusions of law as to which no response is required.  To the extent a response is required, deny the allegations in paragraph 18.

19.     State that the allegations in paragraph 19 are conclusions of law as to which no response is required.  To the extent a response is required, deny the allegations in paragraph 19.

20.     Deny the allegations in paragraph 20.

21.     State that the allegations in paragraph 21 are conclusions of law as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 21, and respectfully refer the Court to the Plan for the full and complete content thereof.

22.     Deny the allegations in paragraph 22, and respectfully refer the Court to the Plan for the full and complete content thereof.

## As to Procedural History

23.     Deny the allegations in paragraph 23, except admit that Plaintiff was employed by PwC from August 4, 2014, until April 7, 2017.

24.     Deny the allegations in paragraph 24, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's alleged communications with her counsel.

25.     Deny the allegations in paragraph 25, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's beliefs.

26.     Deny the allegations in paragraph 26.

27.     Deny the allegations in paragraph 27.

28.     Deny the allegations in paragraph 28.

29.     Deny the allegations in paragraph 29, except state that Plaintiff's counsel communicated with PwC on behalf of Plaintiff in connection with the termination of her employment.

30.     Deny the allegations in paragraph 30, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's intentions.

31.     Deny the allegations in paragraph 31.

32.     Deny the allegations in paragraph 32.

33.     Deny the allegations in paragraph 33.

### As to Galli's Claim for Benefits

34.     Deny the allegations in paragraph 34, except admit that Plaintiff's counsel wrote to the Plan Administrator on her behalf seeking additional benefits under the Plan, and respectfully refer the Court to such letter for the full and complete content thereof.

35.     State that the allegations in paragraph 35 are conclusions of law as to which no response is required.  To the extent a response is required, deny the allegations in paragraph 35, except admit that Plaintiff's counsel wrote to the Plan Administrator on her behalf seeking additional benefits under the Plan, and respectfully refer the Court to such letter for the full and complete content thereof.

36.     State that the allegations in paragraph 36 are conclusions of law as to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 36, and respectfully refer the Court to the Plan for the full and complete content thereof.

37.     Deny the allegations in paragraph 37.

38.     Deny the allegations in paragraph 38, and respectfully refer the Court to such letters for the full and complete content thereof.

39.     Deny the allegations in paragraph 39, and respectfully refer the Court to such response letter and documentation for the full and complete content thereof.

40.     Deny the allegations in paragraph 40, except admit that the Plan Administrator responded to Plaintiff's requests for documents, and respectfully refer the Court to such documents for the full and complete content thereof.

41.     Deny the allegations in paragraph 41.

42.     Deny the allegations in paragraph 42, and respectfully refer the Court to such letter for the full and complete content thereof.

43.     Deny the allegations in paragraph 43.

44.     Deny the allegations in paragraph 44.

45.     Deny the allegations in paragraph 45.

46.     State that the allegations in paragraph 46 are conclusions of law as to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to such letter for the full and complete content thereof.

47.     Deny the allegations in paragraph 47, except admit that Thomas Kovell is an employee of PwC who as a designee of the Plan Administrator, after due investigation, notified Plaintiff in a letter dated August 1, 2018, that the Plan Administrator denied her appeal, and respectfully refer the Court to the letter for the full and complete content thereof.

## As to Facts Common to All Claims

48.     Deny the allegations in paragraph 48.

49.     Deny the allegations in paragraph 49.

50.     Deny the allegations in paragraph 50.

51.     Deny the allegations in paragraph 51.

52.     Deny the allegations in paragraph 52.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.     Deny the allegations in paragraph 54.

55.     Deny the allegations in paragraph 55.

56.     Deny the allegations in paragraph 56.

57.     Deny the allegations in paragraph 57.

58.     Deny the allegations in paragraph 58.

59.     Deny the allegations in paragraph 59.

60.     Deny the allegations in paragraph 60, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's job search immediately prior to joining PwC.

61.     Deny the allegations in paragraph 61, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to Plaintiff's perceptions.

62.     Deny the allegations in paragraph 62.

63.     Deny the allegations in paragraph 63.

64.     Deny the allegations in paragraph 64.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 65, and state that Plaintiff's employment with PwC commenced on August 4, 2014.

66.     Deny the allegations in paragraph 66.

67.     Deny the allegations in paragraph 67.

68.     Deny the allegations in paragraph 68.

69.     Deny the allegations in paragraph 69.

70.     Deny the allegations in paragraph 70.

71.     Deny the allegations in paragraph 71.

72.     Deny the allegations in paragraph 72, and state that Plaintiff was not provided with a merit salary increase for 2015 and was provided with a payment of $100,000 in 2015.

73.     Deny the allegations in paragraph 73.

74.     Deny the allegations in paragraph 74.

75.     Deny the allegations in paragraph 75.

76.     Deny the allegations in paragraph 76.

77.     Deny the allegations in paragraph 77.

78.     Deny the allegations in paragraph 78.

79.     Deny the allegations in paragraph 79.

80.     Deny the allegations in paragraph 80.

81.     Deny the allegations in paragraph 81.

82.     Deny the allegations in paragraph 82.

83.     Deny the allegations in paragraph 83, except admit that Jeffrey Lavine met with Plaintiff on January 26, 2017.

84.     Deny the allegations in paragraph 84, except admit that Jeffrey Lavine met with Plaintiff on January 26, 2017.

85.     Deny the allegations in paragraph 85.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.     Deny the allegations in paragraph 87, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's speculations.

88.     Deny the allegations in paragraph 88.

89.     Deny the allegations in paragraph 89.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91.

92.     Deny the allegations in paragraph 92, and state that Catherine Stahlmann sent correspondence to Plaintiff on March 7, 2017, and respectfully refer the Court to such correspondence for the full and complete content thereof.

93.     Deny the allegations in paragraph 93.

94.     Deny the allegations in paragraph 94.

95.     Deny the allegations in paragraph 95.

96.     Deny the allegations in paragraph 96.

97.     Deny the allegations in paragraph 97.

**As to Claims for Relief – Count One**

98.     Defendants incorporate by reference their responses to paragraphs 1 through 97 above.

99.     Deny the allegations in paragraph 99.

100.    Deny the allegations in paragraph 100.

101.    Deny the allegations in paragraph 101.

102.    Deny the allegations in paragraph 102.

9

103.    Deny the allegations in paragraph 103.

104.    Deny the allegations in paragraph 104.

105.    Deny the allegations in paragraph 105.

106.    Deny the allegations in paragraph 106.

107.    Deny the allegations in paragraph 107.

108.    Deny the allegations in paragraph 108.

109.    Deny the allegations in paragraph 109.

110.    Deny the allegations in paragraph 110.

111.    Deny the allegations in paragraph 111.

112.    Deny the allegations in paragraph 112.

### As to Claims for Relief – Count Two

113.    Defendants incorporate by reference their responses to paragraphs 1 through 112 above.

114.    Deny the allegations in paragraph 114.

### As to Demand for Relief

Deny the allegations of the unnumbered "Demand for Relief" Paragraph (A)-(E), deny that Plaintiff is entitled to the relief requested, deny any and all allegations of wrongdoing, and deny that Plaintiff is entitled to any relief whatsoever.

### Affirmative and Other Defenses

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise bear.

### First Defense

Plaintiff fails to state a claim upon which relief may be granted against Thomas Kovell and Courtney Moore because they are not proper defendants to this action.

### Second Defense

Plaintiff is not entitled to the relief she seeks to the extent she has failed to mitigate any claimed damages or relief.

### Third Defense

Based upon the provisions of the Plan, Plaintiff is not entitled to any relief with respect to her claim for additional benefits.

### Fourth Defense

To the extent that Plaintiff is obligated to arbitrate claims asserted in the Complaint, those claims belong in arbitration, and this action should be stayed during such arbitration proceedings.

### Fifth Defense

Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### Seventh Defense

Any recovery in this case would be limited by those remedies available under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1133.

**Eighth Defense**

Defendants are entitled to attorneys' fees and costs in this action pursuant to 29 U.S.C.
§1132(g)(1).


WHEREFORE, Defendants demand judgment dismissing the Complaint, with prejudice
and on the merits, together with their costs and attorneys' fees incurred in this action, and such
other and further relief as the Court may deem just and proper.

Dated: New York, New York
       September 27, 2019

Respectfully submitted,

Stephen L. Sheinfeld
B. Aubrey Smith
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
SSheinfeld@winston.com
BASmith@winston.com

Attorneys for Defendants,
PricewaterhouseCoopers LLP
Notice/Severance Policy,
PricewaterhouseCoopers LLP,
Thomas Kovell and Courtney Moore