```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SUSAN J. GALLI,                                             :
                                        Plaintiff,          :
                                                            :       19 Civ. 7224 (LGS)
                     -against-                              :
                                                            :              ORDER
PRICEWATERHOUSECOOPERS LLP                                  :
NOTICE/SEVERANCE POLICY AS                                  :
AMENDED AND RESTATED EFFECTIVE                              :
FEBRUARY 1, 2011, et al.,                                   :
                                        Defendants.         :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff filed the original complaint in this action on August 1, 2019 (Dkt. No. 1). As described by Plaintiff in a letter to the Court, "[t]he core of the dispute is whether PwC presented Plaintiff with the requisite 'Notice Period' under the [Pension] Plan . . . [Plaintiff] claims PwC did not give he[r] the proper Notice Period." (Dkt. No. 21);

WHEREAS, on November 8, 2020, Plaintiff's motion to compel discovery outside of the administrative record was denied (Dkt. No. 34);

WHEREAS, on December 6, 2020, Defendants moved for summary judgment as to Count II (ERISA § 502(a)(1)(B), Recovery of denied benefits under the plan), and to compel arbitration as to Counts I (ERISA § 503, Failure to provide a full and fair review of ERISA claim), III (ERISA §§ 519 and 502(A)(3), Equitable relief for interference with benefits under a plan), IV (ERISA §§ 404-406 and 409, Breach of fiduciary duty) and V (ERISA § 502(A)(3), Equitable relief for disclosure violations) (Dkt. No. 42);

WHEREAS, on December 23, 2019, the Second Circuit issued *Laurent v. PricewaterhouseCoopers LLP*, which held as a matter of first impression that reformation of a pension plan was available under ERISA § 502(a)(3) "where the written terms of a pension plan

indisputably violate ERISA, but there is no allegation that the violation stems from traditional fraud, mistake, or otherwise inequitable conduct" and that "consistent with our precedent, the district court was then authorized to enforce the reformed Plan as a second step under § 502(a)(1)(B)."  945 F.3d 739, 747 (2d Cir. 2019);

WHEREAS, on January 15, 2020, Plaintiff cross-moved for summary judgment as to Count II and filed her opposition to Defendants' motions (Dkt. No. 48).  On February 14, 2020, Defendants filed a reply in support of their motions and an opposition to Plaintiff's motion (Dkt. No. 54), and on March 4, 2020, Plaintiff filed her reply in support of her motion (Dkt. No. 58);

WHEREAS, on April 30, 2020, Plaintiff filed a letter motion requesting that "the Court defer from ruling on the pending motions to compel arbitration and for summary judgment for the present time" and "seeking that the Court explore and consider equitable and injunctive relief in the action pursuant to ERISA, 29 U.S.C 1001 et seq., and the Department of Labor ("DOL") regulations. (29 CFR §§2520 and 2560.503-1 et seq., and the purported Notice/Severance Policy effective February 1, 2011("Policy") before this Court (PwC114 & 123)."  The letter motion argued that "[t]his is necessary because one of the most critical factors to a true and accurate determination of this dispute is that there be disclosure of all 'relevant' documents" and asserting that the administrative record is "incomplete and possibly misleading."  In the final paragraph of the letter, Plaintiff asserted without further explanation that, in her proposed motion, she "intends to seek such remedies as may be appropriate e.g., rescission; reformation; specific performance; estoppel; surcharge and constructive trust, as well as leave to file a Second Amended Complaint ("SAC"), to conform the claims to the evidence or join additional parties where necessary, and for such additional relief as the court would deem necessary in the interests of justice."  (Dkt. No. 67).  Defendants opposed the letter motion (Dkt. No. 69);

WHEREAS, on May 11, 2020, the Court denied Plaintiff's letter motion, construing it as

a motion for reconsideration of the Court's Order on November 8, 2020, and as a motion for leave to amend the complaint (Dkt. No. 70);

WHEREAS, on May 26, 2020, Plaintiff moved for reconsideration of this Court's Order at Dkt. No. 70 (Dkt. No 73);

WHEREAS, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted).  The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted);

WHEREAS, Plaintiff does not identify any change of controlling law, any new evidence, the need to correct a clear error, or prevent injustice.  First, Plaintiff argues that the letter motion was not a motion for reconsideration because the Court "had previously indicated to counsel at the November 7, 2019 initial conference that she would take a second look at the ruling denying discovery [outside the administrative record] during deliberations on cross-motions to be filed for summary judgment."  But Plaintiff acknowledges that the Court only observed that, "if the Court deemed that the Administrative Record was not complete and accurate, it would send the whole

matter back to the administrators for reconsideration." That Plaintiff misconstrued the Court's statement that it may consider remanding the matter if it was found that the administrative record was incomplete as indication that the ruling denying discovery outside the administrative record was not final is not sufficient to find that Plaintiff's letter motion seeking to move to reconsider the November 8, 2019 ruling was not a motion for reconsideration, particularly where Plaintiff concedes that, in considering the proposed motion, the Court "would essentially be reconsidering its November 8th Order."

In any event, Plaintiff now requests that the Court construe the instant motion for reconsideration as a motion to reconsider the Court's November 8, 2019 Order at Dkt. No. 34. For the reasons stated in the Court's Order at Dkt. No. 70, construing Plaintiff's motion for reconsideration of this Court's Order at Dkt. No. 70 as a motion for reconsideration of this Court's Order at Dkt. No. 34, the motion for reconsideration is denied. Even had the motion been timely brought, Plaintiff's reliance on *Laurent v. PricewaterhouseCoopers LLP* as "alter[ing] the controlling law of equitable remedies and legal remedies under ERISA" is misplaced. *Laurent* does not address the issue of discovery outside the administrative record. *See generally* 945 F.3d 739.

Finally, Plaintiff also argues that *Laurent* constitutes an intervening change in controlling law because her letter motion was "the first step of a two-step process to remediate the alleged PwC ERISA plan, which in this case is not in-step with the statute or its regulations, or not being administered in accordance with the plan itself, as Plaintiff has demonstrated in its motion papers." But, in *Laurent* the Second Circuit clarified "that reformation of [a pension] Plan [is] available [] under ERISA § 502(a)(3)" "where the written terms of a pension plan indisputably violate ERISA, but there is no allegation that the violation stems from traditional fraud, mistake, or otherwise inequitable conduct." *Laurent*, 945 F.3d at 747. The *Laurent* opinion further

observed that the Second Circuit has "previously affirmed the entry of a two-step reformation and enforcement remedy under ERISA" where there were "allegation[s] that the violation stems from traditional fraud, mistake, or otherwise inequitable conduct." *Id.*  Plaintiff's argument that *Laurent* changed the controlling law is therefore unpersuasive since Plaintiff does not allege that "the written terms of a pension plan indisputably violate ERISA," *id.*, and therefore to the extent that Plaintiff alleges fraud or other inequitable conduct, the two-step process to which Plaintiff refers was affirmed by the Second Circuit as early as 2014.  *See id.* ("[W]e have previously affirmed the entry of a two-step reformation and enforcement remedy under ERISA." (citing *Amara v. CIGNA Corp.*, 775 F.3d 510, 532 (2d Cir. 2014)).  And Plaintiff again fails to cite to any caselaw indicating that such a motion is procedurally proper after cross-motions for summary judgment have already been fully briefed.  It is hereby

**ORDERED** that Plaintiff's motion for reconsideration is DENIED.

Dated: March 29, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**