```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
SUSAN J. GALLI,                                               :
                                      Plaintiff,              :
                                                              :     19 Civ. 7224 (LGS)
              -against-                                       :
                                                              :            ORDER
PRICEWATERHOUSECOOPERS LLP                                    :
NOTICE/SEVERANCE POLICY AS                                    :
AMENDED AND RESTATED EFFECTIVE                                :
FEBRUARY 1, 2011, et al.,                                     :
                                      Defendants.             :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 6, 2020, Defendants moved to compel arbitration as to Counts I (ERISA § 503, Failure to provide a full and fair review of ERISA claim), III (ERISA §§ 519 and 502(A)(3), Equitable relief for interference with benefits under a plan), IV (ERISA §§ 404-406 and 409, Breach of fiduciary duty) and V (ERISA § 502(A)(3), Equitable relief for disclosure violations) (Dkt. No. 42).

WHEREAS, on January 15, 2020, Plaintiff opposed the motion, asserting a defense of fraudulent inducement (Dkt. No. 48);

WHEREAS, the at-issue Arbitration Agreement provides that the "Arbitrator shall not have the authority to decide jurisdictional or arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper parties to the Arbitration; such questions shall be reserved for a court of competent jurisdiction." *See* Arbitration Agreement, § f;

WHEREAS, both the parties' motion papers cite a line of cases addressing the question of arbitrability of a claim or defense of fraudulent inducement brought as to a contract as a whole, as opposed to such a claim or defense brought as to an arbitration provision specifically. *See, e.g.,*

*Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 61 (2d Cir. 2012) ("The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* . . . does not permit the federal court to consider claims of fraud in the inducement of the contract generally . . . Rather, such claims must be decided by the arbitrator." (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006)). But neither party fully addresses the question of how this line of cases applies in circumstances, like those that exist here, where the Arbitration Agreement includes language similar to the aforementioned provision. It is hereby

**ORDERED** that the parties shall provide supplemental briefing in the form of letter briefs to the Court to address this question. The parties shall file the letter briefs, not to exceed three pages, by **July 15, 2020**.

Dated: July 8, 2020
       New York, New York

                                              **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**